IN THE UNITED STATES DISTRICT COURT'
NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| NIQUISHIA MOORE, | § | |
| | § | |
| Plaintiff, | § | |
| | § | |
| V. | § | No. 3:13-cv-2950-N-BN |
| | § | |
| CHIRO ONE WELLNESS CENTER OF | § | |
| ARLINGTON PLLC, | § | |
| | § | |
| Defendant. | § | |

**FINDINGS, CONCLUSIONS, AND RECOMMENDATION OF THE**
**UNITED STATES MAGISTRATE JUDGE**

United States District Judge David C. Godbey has referred this case to the undersigned United States magistrate judge for pretrial management. *See* Dkt. No. 19. Judge Godbey has also ordered that Matthew Ray and Simon, Ray & Winikka LLP are no longer counsel for Defendant Chiro One Wellness Center of Arlington PLLC. *See* Dkt. No. 18.

As the Court's September 25, 2014 Order Regarding New Counsel [Dkt. No. 20] explained, Mr. Ray and his firm's withdrawal as counsel from this litigation has implications for this case's progress going forward. Defendant Chiro One Wellness Center of Arlington PLLC is a professional limited liability company formed and existing under the laws of the State of Texas, *see* Dkt. No. 1 at 1; Dkt. No. 12 at 1, and, insofar as it is neither an individual nor a sole proprietorship, Defendant Chiro One Wellness Center of Arlington PLLC is not permitted to proceed *pro se* or through a non-

attorney but rather must be represented by an attorney in litigation in federal court, *see M3Girl Designs, LLC v. Purple Mountain Sweaters*, No. 3:09-cv-2334-G, 2010 WL 304243, at *2 (N.D. Tex. Jan. 22, 2010). "The 'clear' rule is 'that a corporation as a fictional legal person can only be represented by licensed counsel.'" *Donovan v. Road Rangers Country Junction, Inc.*, 736 F.2d 1004, 1005 (5th Cir. 1984) (per curiam) (quoting *K.M.A., Inc. v. General Motors Acceptance Corp.*, 652 F.2d 398, 399 (5th Cir. 1982)).

Accordingly, in its September 25, 2014 Order Regarding New Counsel [Dkt. No. 20], the Court ordered that Defendant Chiro One Wellness Center of Arlington PLLC must cause new counsel to enter an appearance in this case by no later than October 27, 2014. The Court's order also warned Defendant Chiro One Wellness Center of Arlington PLLC that a defendant's failure to hire counsel to represent it may result in appropriate measures, including possibly striking the defendant's defenses and entering a default judgment against the defendant. *See Adonai Communications, Ltd. v. Awstin Investments, L.L.C.*, No. 3:10-cv-2642-L, 2012 WL 899271, at *1-*2 (N.D. Tex. Mar. 16, 2012); *Top Sales, Inc. v. Designer Vans, Inc.*, No. 3:96-cv-721-D, 1997 WL 786254, at *1-*2 (N.D. Tex. Dec. 11, 1997).

The Court ordered that service of the September 25, 2014 Order Regarding New Counsel [Dkt. No. 20] be effected by the Clerk's mailing, via certified mail, return receipt requested, a copy of the order to the address provided for Defendant by their counsel in the motion to withdraw: 5424 West 159th Street, Oak Forest, IL 60452. The

copy of the September 25, 2014 Order Regarding New Counsel [Dkt. No. 20] and the September 19, 2014 order granting the motion to withdrawal [Dkt. No. 18] mailed by the Clerk have, to date, not been returned as undeliverable. In fact, the return receipt for delivery of the September 25, 2014 Order Regarding New Counsel [Dkt. No. 20] has been docketed, showing delivery on October 9, 2014. *See* Dkt. No. 22.

Despite the Court's September 25, 2014 Order Regarding New Counsel [Dkt. No. 20] requiring the now-unrepresented corporate defendants to obtain new counsel, new counsel has not entered an appearance for Defendant Chiro One Wellness Center of Arlington PLLC. Defendant's former counsel reported that Defendant advised counsel that "there would not be a succeeding lawyer because ... [Defendant] has no assets and cannot pay any lawyer to defend the case." Dkt. No. 17 at 2.

"[T]he appropriate measure for a judge to take when confronted with an unrepresented corporation is inherently discretionary." *Memon v. Allied Domecq QSR*, 385 F.3d 871, 873 (5th Cir. 2004). When a corporation declines to hire counsel to represent it, the Court may properly strike its defenses, if it is a defendant. *See Donovan*, 736 F.2d at 1005 (holding district court properly struck defenses of corporate defendant who declined to hire counsel). Other courts have found default judgment to be the appropriate remedy when a corporation fails, after court warning, to appoint counsel. *See PalWeb Corp. v. Vimonta AG*, No. 3:00-cv-1388-P, 2003 WL 21992488, at *1 (N.D. Tex. Aug.19, 2003) (entering a final judgment against the defendant, a Swiss company, and finding that the defendant had been validly served; that the defendant

entered its appearance through counsel; that counsel was allowed to withdraw by order of the court; that the court ordered the defendant to obtain substitute counsel (licensed to practice in the court's jurisdiction) on two occasions; and that no attorney licensed to practice in the jurisdiction had entered an appearance on the defendant's behalf; and that defendant was therefore in default); *see also Mount Vernon Fire Ins. Co. v. Obodoechina*, Civ. A. No. 08-3258, 2009 WL 424326, at *1 (S.D. Tex. Feb.19, 2009) ("When a business is without counsel, it is appropriate to instruct the business that it must retain counsel. If, after sufficient time to obtain counsel, there is no appearance by counsel, judgment may be entered against the business entity by default.").

Defendant Chiro One Wellness Center of Arlington PLLC remains unrepresented by counsel in this case and has failed to comply with the Court's order. In the Court's September 25, 2014 Order Regarding New Counsel [Dkt. No. 20], the Court admonished Defendant that failure to obtain counsel may result in appropriate measures, including possibly striking the defendant's defenses and entering a default judgment against the defendant.

The undersigned has considered the imposition of alternate sanctions short of striking Defendant's defenses and entering a default. But, considering all the circumstances, including the bases on which Mr. Ray and his firm sought and were granted leave to withdraw – which included a report that "there would not be a succeeding lawyer because ... [Defendant] has no assets and cannot pay any lawyer to defend the case," Dkt. No. 17 at 2, and that Defendant is no longer a going concern, *see*

*id.* at 5 – the undersigned finds that lesser sanctions would not serve the interests of justice or advance the disposition of this case on the merits.

The Court's September 25, 2014 Order Regarding New Counsel gave Defendant over 30 days to obtain new counsel and warned Defendant of these possible consequences if it failed to do so. *See* Dkt. No. 20. Defendant has failed to obtain legal counsel and cause the new counsel to enter an appearance in this case by the October 27, 2014 deadline – which has now passed.

## Recommendation

The undersigned recommends that:

(1) the Court order that Defendant Chiro One Wellness Center of Arlington PLLC is in default;

(2) the Court direct the Clerk of Court, pursuant to Federal Rule of Civil Procedure 55(a), to enter default against Defendant Chiro One Wellness Center of Arlington PLLC;

(3) the Court order that the Defendant's Answer and Defenses to Plaintiff's Complaint [Dkt. No. 12] filed by Defendant Chiro One Wellness Center of Arlington PLLC be stricken; and

(4) the Court order that Plaintiff move, by no later than a date 30 days from the date of entry of any order adopting this recommendation, for default judgment against Defendant Chiro One Wellness Center of Arlington PLLC for failure to appear by and through counsel.

A copy of these findings, conclusions, and recommendation shall be served on all parties in the manner provided by law. Any party who objects to any part of this report and recommendation must file specific written objections within 14 days after being served with a copy. *See* 28 U.S.C. § 636(b)(1); FED. R. CIV. P. 72(b). In order to be specific, an objection must identify the specific finding or recommendation to which objection is made, state the basis for the objection, and specify the place in the magistrate judge's findings, conclusions, and recommendation where the disputed determination is found. An objection that merely incorporates by reference or refers to the briefing before the magistrate judge is not specific. Failure to file specific written objections will bar the aggrieved party from appealing the factual findings and legal conclusions of the magistrate judge that are accepted or adopted by the district court, except upon grounds of plain error. *See Douglass v. United Servs. Auto. Ass'n*, 79 F.3d 1415, 1417 (5th Cir. 1996).

DATED: October 30, 2014

_____
DAVID L. HORAN
UNITED STATES MAGISTRATE JUDGE